Wooster v. Cooper.

## CHARLES I. WOOSTER

*v.*

## WILLIAM T. COOPER et al.

A testator, by his will, gave a life estate in his property and created two successive powers of sale, either of which might pass a fee when exercised. The legal title to the fee descended to the heirs-at-law, subject to the operation of the powers of sale. To a bill filed seeking a decree directing the executors to execute the second power by a conveyance to each beneficiary of a proportionate undivided interest in the land—*Held*, that the heirs-at-law of the testator are necessary parties.

On bill, cross-bill, answers and issue, &c.

*Mr. James Buchanan*, for the complainants in cross-bill.

*Mr. John J. Crandall* and *Mr. John W. Wescott*, for the defendants in cross-bill.

*Mr. William Moore*, for the other defendants.

GREY, V. C.

At the opening of the final hearing of this cause, it was disclosed that the court of errors and appeals had construed the will of Benjamin B. Cooper, under which the complainants in the cross-bill claim relief. *Wooster* v. *Cooper, 8 Dick. Ch. Rep. 682.* The court of appeals declared that, under the will, Tacy Cooper took a life interest only in the testator's estate. The court gave no opinion as to the effect of the will in disposing of the legal title to the fee of his lands. An examination of the will shows that the testator gave to Tacy a power to dispose of the lands in question, and that he also created a further power of sale, to be exercised, under certain circumstances, by his executors. The only effect of the will, operating as a disposition of the legal title, was to pass to Tacy an estate in the farm during her life. Of the legal title to the fee in the farm, the testator

died intestate. The will gave a life estate, and created two successive powers of sale, either of which might pass a fee when exercised, but neither of which did pass a fee until exercised. The result was that, on the death of the testator, Tacy took a life interest under the will, and the legal title to the fee descended to the heirs-at-law, subject to the operation of the powers of sale, either of which, when exercised, would devest the legal title of the heirs and pass it to the purchaser under the power.

In the phase of the case now being heard before me, the complainants in the cross-bill assert that Tacy's life estate having ended by her death, the power of disposition of the farm given to her by the will was never efficiently exercised; that they are the beneficiaries entitled to the proceeds to arise from the exercise of the succeeding power of sale given to the executors, and they ask that the latter be ordered to execute the power by a conveyance to each beneficiary of a proportionate undivided interest in the land.

It is quite evident that such an exercise of the power of sale by the executors must devest the heirs-at-law of the legal title to the farm, which is now held by them.

An examination of the bills and of the files of the case shows that the heirs-at-law have not been made parties to this suit. I deem them to be necessary parties in a case of this character, and that no decree can properly be made directing the exercise by the donee of the power created by the will, the effect of which will be to take away the title which was vested by descent in the heirs-at-law, unless these heirs-at-law have been made parties to the bill of complaint, with proper words of allegation and charge.

The complainants in the cross-bill may make such amendment to their bill as may be necessary to make the heirs-at-law parties defendant, and bring the parties into court on the amended bill and proceed according to the practice of the court.